EMILIO RUIZ, Plaintiff and Appellant, *v.* FERMÍN GARAYALDE and JOSÉ GARAYALDE, Defendants and Appellees.

No. 4050. Argued January 31, 1927.—Decided February 11, 1927.

*Manuel Benítez Flores* for the appellant. *Jacinto Texidor* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a suit to recover a commission of $2,000 which the complainant Emilio Ruiz alleged was due him from Fermín Garayalde and José Garayalde by reason of a sale of certain rural properties. The complaint set up that Emilio Ruiz, jointly with Sebastián Bauzá and Sebastián Bauzá, Jr., and the brothers and sisters of the complainant, was a tenant in common of the properties described in the same complaint, and that the defendant Fermín Garayalde, for himself and as attorney in fact of his brother José Garayalde, proposed to the complainant as one of the tenants in common of the said properties that if the said Garayalde could be apprised by him of any offer that should be made by other proposed purchasers the defendants were disposed to pay the same amount any other person should pay. In effect, the theory of the complaint was that if Emilio Ruiz should keep Fermín Garayalde apprised of every offer made for the properties in question, and would aid the said Garayalde in persuading the other co-owners to sell, he, the said Garayalde, would pay the said Ruiz, if they, the present defendants, succeeded in acquiring the properties, the sum of $2,000.

After reviewing the evidence in the case the District Court of San Juan said:

"It appears from the evidence that Garayalde promised to give Ruiz, the complainant, a certain sum of money, provided the latter made efforts to procure a sale of the properties to him, kept him apprised of the offers made by others and exerted his influence in furtherance of such sale. However, I am of opinion that the allegation of the complaint that it was solely through plaintiff's intervention that the other co-owners gave the preference to defendant's offer has not been established. On the contrary, it appears from Richardson's testimony that the co-owners had revoked the agency of Ruiz in connection with this deal and that Ruiz exerted no influence on the other co-owners at the time of the sale of the property. Nor was there any proof of the reasonable value of Ruiz's activities up to the point where they terminated. Therefore, inasmuch as when it is sought to enforce performance of an obligation or contract the

party so seeking must first prove the existence of the contract and performance by him of his part of the obligation, and inasmuch as this was not proved in the present case, I am of the opinion that the complaint should be dismissed, without costs."

The appellant complains that the court had no right to say that the condition of the contract was that the sale should be effected by the sole efforts of Emilio Ruiz; that, while paragraph 5 of the complaint did say that the sale of the properties that took place was effected by the sole efforts of Emilio Ruiz, yet that this paragraph should be considered as a mere subsidiary statement and not a description of the true contract between the parties.

To a certain extent we agree with the appellant that the main contract was set out in said paragraph 5; nevertheless we think that what the district court had in mind was that if the sale was made by and with the assistance and intervention of others,—which actually happened in this case,—then the complainant could not recover because he had failed to show exactly what his sole intervention was and how much it was worth. And in this we think the court was right.

The theory of the defense was that the defendants did not agree to pay the complainant in the manner described in the complaint, but that the contract was a much more limited one, namely, that if Emilio Ruiz, somewhat in the manner described in the complaint, aided the defendants in obtaining the ownership of the properties within the first three weeks or so of August, 1924, they would pay him the sum of $1,000; that at one time Emilio Ruiz did represent his relatives and other owners, but that at the time that the sale actually took place he had ceased to represent them and that the sale was finally made by the intervention and services and activities of other persons. These things, we take it, were what the court had in mind when it said in its opinion as follows: "And taking into account that when a person requires the performance of an obligation of contract the

party requiring such performance has to begin by proving the existence of the contract and a performance on his part.'' The burden was on the complainant to show that the sale was actually made by reason of his activities and we agree with the court below that he failed to do this. Taking the evidence of the complainant at its best it would tend to show that for a while he did apprise Fermín Garayalde of offers made by other persons, but the whole evidence strongly tends to show that he did not do this at the time of the actual sale.

The appellant lays great stress on the fact that the only person who really contradicts him is the defendant Fermín Garayalde. The appellant insists that the statements of this defendant and interested party were at times inconsistent, but we do not find that these inconsistencies were great enough to take away the right of the court to believe in the truth of his testimony.

The only witness of the complainant who contradicts *Fermín Garayalde* as to the performance of the contract is the complainant, *Emilio Ruiz*. The other witnesses of the complainant merely testify to the nature of the contract. So that, following the complainant to a certain degree, it would be a case of oath against oath. Generally in such cases the court will leave a complainant where he was, as the burden of proof falls on the complainant, but in any event the court is not bound to believe the complainant, but, especially with the other testimony and *indicia* in the case, may feel bound to believe the defendant.

The opinion of the court summed up the evidence of the witnesses very carefully and then disposed of the case in the first paragraph, copied into this opinion. This extract is the work of the judge of an extremely busy court and can not be scrutinized too closely. We think it is clear from the whole opinion that the court considered all the evidence and

found that the complainant had failed to show performance, with which conclusion we agree.

Toward the end of his brief the appellant set up other errors. As they were not properly assigned and were not fundamental, we shall not review them.

The judgment appealed from must be affirmed.